Mr. JUSTICE THOMAS delivered the opinion of the court:

On April 19, 1924, the claimant was advised that he had been appointed Maintenance Patrolman on Patrol 1008, with headquarters at Leland, Illinois, at a salary of $160.00 per month without expenses effective at once. The claimant worked for 21 months and was paid a salary of $140.00 per month. On July 10, 1930, he filed his claim for $20.00 per month for the 21 months being the difference between the amount he should have received and the amount paid him. There seems to be no question but what the claimant was to draw $160.00 per month.

Paragraph 10 of Section 1 of the Court of Claims Act, reads as follows: "Every claim against the State cognizable by the Court of Claims, shall be forever barred unless the claim is filed with the Secretary of the court within five years after the claim first accrues, saving to infants, idiots, lunatics, insane persons and persons under disability at the time the claim accrues, two years from the time the disability is removed."

In this case it appears to the court that more than five years have elapsed before the filing of the claim as to 14 months and 20 days, leaving 6 months and 10 days at $20.00 that is not barred by the Statute of Limitations.

Therefore an award is hereby made for the 6 months and 10 days for $130.00.

(No. 1625—

JOSEPH NOVAK, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed May 14, 1931.*

CLARK, YOUNG & BULL, for claimant.

OSCAR E. CARLSTROM, Attorney General; CARL I. DIETZ, Assistant Attorney General, for respondent.

Mr. CHIEF JUSTICE CLARITY delivered the opinion of the court:

.This is a claim for personal injury sustained by claimant while he was employed by the State of Illinois through its Department of Public Works and Buildings, Division of Highways. There is no contention but that the employment .was extra hazardous and the Attorney General appearing in open court recommends that there is a liability on the part of the State of Illinois and that under the Workmen's Compensation Act claimant is entitled to an allowance in the sum of $425.00.

Thereupon, the court recommends that the claimant be allowed the sum of $425.00.

(No. 1626—

RALPH WINKEL, Claimant, *vs*. STATE OF ILLINOIS, Respondent.

*Opinion filed May 14, 1931.*

CLARK, YOUNG & BULL, for claimant.

OSCAR E. CARLSTROM, Attorney General; CARL I. DIETZ, Assistant Attorney General, for respondent.

Mr. CHIEF JUSTICE CLARITY delivered the opinion of the court:

This is a claim for personal injury sustained by claimant while he was employed by the State of Illinois through its Department of Public Works and Buildings, Division of Highways. There is no contention but that the employment was extra hazardous and the Attorney General appearing in open court recommends that there is a liability on the part of the State of Illinois and that under the Workmen's Compensation Act claimant is entitled to an allowance in the sum of $954.00.

Thereupon, the court recommends that the claimant be allowed the sum of $954.00.